IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIAN E. FLIPPIN,<br><br>    Petitioner,<br><br>  v.<br><br>JAMES TILTON,<br><br>    Respondent.<br>_____ | No. C 07-0169 MMC (PR)<br><br>**ORDER TO SHOW CAUSE;<br>GRANTING LEAVE TO PROCEED<br>IN FORMA PAUPERIS**<br><br>**(Docket No. 5)** |

On January 10, 2007, petitioner, a California prisoner proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has applied for leave to proceed in forma pauperis.

### BACKGROUND

In 2001, in the Superior Court of Contra Costa County, petitioner was convicted of first degree murder, an enhancement for the use of a firearm was found true, and he was sentenced to a term of 29 years to life in state prison. The California Court of Appeal affirmed. A subsequent petition for a writ of habeas corpus, filed in the Superior Court of Contra Costa County, was denied.

### DISCUSSION

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it

appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

The instant petition, when liberally construed, sets forth the following claims: (1) the trial court's admission of the preliminary hearing testimony of an unavailable witness violated petitioner's rights to due process and to confrontation; (2) trial counsel provided ineffective assistance in failing to object to the admission of said testimony; (3) the trial court's rejection of petitioner's request for a jury instruction on a defense of intoxication violated petitioner's right to due process; and (4) the trial court violated petitioner's right to due process by imposing the maximum sentence and restitution amount. Liberally construed, these claims are cognizable.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The Clerk of the Court shall serve by certified mail a copy of this order, the amended petition and the petition, along with all attachments thereto, upon respondent and respondent's attorney, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within 90 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims in the petition. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the amended petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within 30 days of the date the answer is filed.

3. In lieu of an answer, respondent may file, within 60 days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within 30 days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within 15 days of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

5. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6. The application to proceed in forma pauperis is GRANTED in light of petitioner's lack of funds.

This order terminates Docket No. 5.

IT IS SO ORDERED.

DATED: May 24, 2007

_____
MAXINE M. CHESNEY
United States District Judge